UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                  )
                                        )
    JOAQUIM PIRES                    )     Case No. 07-10488-SSM
                                        )     Chapter 13
             Debtor        )

**MEMORANDUM OPINION AND ORDER**
**PROVISIONALLY EXTENDING AUTOMATIC STAY**

Before the court is the motion of the debtor, Joaquim Pires, to extend the automatic stay beyond 30 days. A hearing on notice was held on March 28, 2007. No creditor objected to the motion or appeared at the hearing. The debtor himself, however, was not present because, his attorney explained, he was incarcerated. Counsel did, however, file a declaration under penalty of perjury setting forth the facts to which the debtor would testify if he were present.[1]

This is the second chapter 13 case filed by the debtor within the last 14 months. The prior case, No. 06-10026-RGM, was filed on January 19, 2006. Although three plans were proposed, no plan was confirmed, and the case was dismissed on July 14, 2006, on motion of the chapter 13 trustee based on unreasonable delay by the debtor prejudicial to the rights of creditors. Two creditors, Amin Stanakzai and Shamin Stanakzai, filed an adversary proceeding to determine that their claim (for money paid to the debtor to perform home

---

[1] Under Fed. R. Civ. P. 43(e), as incorporated by Fed. R. Bankr. P. 9017, the court has discretion to consider affidavits in deciding motions. Given the lack of any opposition to the debtor's motion, the court determines that consideration of the debtor's affidavit is appropriate.

1

improvements) was non-dischargeable. That proceeding (although never formally dismissed) was mooted by the dismissal of the chapter 13 case.

The present case was filed on March 5, 2007. In his declaration, the debtor states that he did not dispute the trustee's motion to dismiss the prior case because he was in communication with his mortgage company's loss mitigation department to resolve his mortgage arrears outside of bankruptcy. He also states that, after the dismissal of the first case, he continued to negotiate with the mortgage company and also attempted to refinance his property, but without success. He states, finally, that his employment situation has changed, and that he is now employed by a company, JR and Sons General Contractor, which is operated by his wife, and that he earns approximately $2,040 per week. Notably, the affidavit does not state how long the company has been in business. Additionally, the declaration does not address his current incarceration or the effect it will have on his ability to make plan payments.[2]

The schedule of income and expenses filed by the debtor reflects take-home pay of $6,919 per month and living expenses of $5,660 per month.[3] The plan filed on March 21, 2007, requires the debtor to pay the chapter 13 trustee $1,250.00 per month for 60 months. From that the trustee would pay his own 10% commission on funds disbursed to creditors, $1,974 in attorney's fees to the debtor's attorney, $6,350 in priority wage and tax claims, $39,839 in mortgage arrears on the first and second deeds of trust against his residence, and

---

[2] The debtor's statement of financial affairs states that his year-to-date income is $8,160.00.

[3] The expenses include a criminal restitution payment of $350.00 per month to Amin Stanakzai.

a $15,000 third deed of trust.  The balance of the funds would be paid pro rata to unsecured creditors, with the estimated distribution being 4 cents on the dollar.

Under amendments made to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), the automatic stay that arises upon the filing of a bankruptcy petition will terminate "as to the debtor" after 30 days if the debtor had a prior case that was dismissed within 1 year of the present case.  § 362(c)(3)(A), Bankruptcy Code.  The stay may be extended by the court upon a motion filed, and hearing concluded, within the 30-day period, if the court finds that the current case was filed in good faith as to the creditors to be stayed.  *Id.* at § 362(c)(3)(B).  Certain circumstances will give rise to a presumption—which can only be overcome by clear and convincing evidence—that the current case was not filed in good faith.  *Id.* at § 362(c)(3)©.  The only one of those that arguably applies to this case is if "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case[.]"  *Id.* at § 362(c)(3)(C)(i)(III).

The debtor asserts in his declaration that there has been a substantial changes in his employment situation.  His schedule of income in the prior case, however, reflects that he was then employed as a contractor, and his wife as a receptionist, with a company called Maquim General Construction.  Their combined monthly take-home pay is shown as $6,067.  As noted, the schedules in the current case show take-home pay of $6,919 per month, which is only $852 per month more than he and his wife were earning in the prior case.  Whether a 14% pay increase qualifies as "substantial"—particularly where the employer is a start-up company that has been in business only a very short period of time—is doubtful, to say the

3

least.  Additionally, the fact that the debtor is presently incarcerated and has provided no information as to the nature of the proceedings raises further questions as to his ability to make the payments required by his plan.

Be that as it may, given that no creditor has objected to the motion, the court will provisionally extend the stay through the date of the scheduled confirmation hearing, which is set for May 9, 2007.  At that hearing, the court will review the progress of the case and the status of the debtor's payments.  The debtor should also be prepared at the hearing to present testimony as to the financial history of JR and Sons Construction and the likely effect of any criminal proceedings on his employment situation.  It is, accordingly,

**ORDERED:**

1. Subject to further order of this court, the automatic stay arising under § 362(a), Bankruptcy Code, is continued in full force and effect beyond the 30-day period specified by § 362(c)(3)(A), Bankruptcy Code.  This ruling is without prejudice to the right of any creditor to seek relief from the automatic stay under § 362(d)(1) and (2), Bankruptcy Code.

2. The court's finding of good faith is provisional only.  A status hearing shall be held on **May 9, 2007, at 1:30 p.m.**  At that hearing the court may reexamine the issue of good faith and may terminate the extension of the automatic stay if the court is unable, after considering the progress made in the case and any further evidence that may be offered, to make a final determination that the case was filed in good faith.

      3.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____      _____
                                            Stephen S. Mitchell
Alexandria, Virginia                         United States Bankruptcy Judge

Copies to:

Joaquim Pires
4496 Dale Blvd
Woodbridge, VA 22193
Debtor

Tommy Andrews, Jr., Esquire
Tommy Andrews, Jr., P.C.
122 N. Alfred Street
Alexandria, VA  22314

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee